The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACHARY ADAM FOSTER,<br><br>Defendant. | No. CR10-300 JCC<br><br>DISPOSITION MEMORANDUM |

Only three months ago, the defendant was before this Court addressing violations of supervision that including using methamphetamine and driving while his license was suspended. This Court imposed a sentence of credit for time served and returned the defendant to supervised release. Just two months later, the defendant was again driving, this time while high on drugs; unsurprisingly, he crashed the car he had borrowed. The government respectfully asks this Court to find that the defendant violated the conditions of supervised release by driving while intoxicated, and impose a sentence of five months in custody, the low end of the guidelines range.

I.   BACKGROUND

In November 2010, the defendant, Zachary Adam Foster, entered a plea of guilty to one count of *Felon in Possession of a Firearm*. Dkt. 17, 19. This Court imposed a sentence of 33 months in prison, to be followed by three years of supervised release. Dkt. 25, 26.

Government's Disposition Memorandum - 1
*United States v. Foster* / CR10-300 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     The defendant began his term of supervised release in February 2013. However, in
2 May of that year, the defendant was sentenced to 120 months in the Washington State
3 Department of Corrections for vehicular assault and assault in the third degree. During
4 his period of incarceration, his term of supervised release was tolled, and he returned to
5 supervision in April 2020.

6     On April 29, 2021, U.S. Probation filed a petition for a warrant, alleging that the
7 defendant had violated the terms of supervised release by using drugs and committing
8 new offenses. Dkt. 35. A supplement report was filed on September 8, 2021, adding an
9 additional allegation relating to drug use. Dkt. 48. The defendant appeared before this
10 Court on October 19, 2021, and admitted to consuming methamphetamine in April and
11 August of 2021; this Court also found the defendant had committed the violation of
12 driving while license suspended. Dkt. 54. The Court then imposed a sentence of credit for
13 time served—four days—followed by 15 months of supervised release. Dkt. 54, 55.

## II. ALLEGED VIOLATION

15     In a report dated December 27, 2021, U.S. Probation has alleged that the
16 defendant committed the crime of driving under the influence on December 24, 2021.
17 Dkt. 58. The defendant has denied the allegation. The government will call Everett Police
18 Department Officer Doug Purcell to testify about the facts underlying the allegation, and
19 will also offer into evidence Officer Purcell's report, attached here as Exhibit A.

20     According to that report, in the early morning hours of December 24, 2021, the
21 defendant was driving in Everett, Washington, and flipped his car. Police responded to
22 reports of the crash, and found the defendant. He was slightly injured and being tended to
23 by medics; he ultimately declined transport to a hospital for medical care. The responding
24 officer observed that the defendant had his head bowed, his eyes were droopy or closed
25 and reacted slowly to bright light, and he could not reliably estimate 30 seconds. In
26 combination with the single-vehicle crash, the officer concluded that the defendant had
27 been driving under the influence and arrested him. Upon arrest, the defendant decided he
28 wanted to go to the hospital after all. The defendant fell asleep during transport to the

Government's Disposition Memorandum - 2
*United States v. Foster* / CR10-300 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

hospital, and had to be roused upon arrival. The officer obtained a search warrant for the defendant's blood to test for drugs; the results are pending. Based on this expected showing, the Court should find that the government has proved by a preponderance of the evidence that the defendant violated the terms of supervised release by driving under the influence of intoxicants.

### III.  GUIDELINES

The government concurs with U.S. Probation that the defendant committed a Grade C violation. U.S.S.G. § 7B1.1(a)(3). With a criminal history category of III, this results in a guidelines range of 5 to 11 months. U.S.S.G. § 7B1.4(a). It appears the defendant agrees.

### IV.  GOVERNMENT'S RECOMMENDATION

If the Court finds that the defendant committed the alleged violation, the government respectfully asks this Court to impose a sanction of five months in custody, the low end of the guidelines range.

Title 18, United States Code, Section 3583(e)(3) permits this Court to revoke a term of supervised release and sanction the defendant with up to two years in custody. The statute also provides this Court with guidance on how to determine what sanction is appropriate. 18 U.S.C. § 3583(e). The Court is to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need for a sanction to afford adequate deterrence, protect the public from further crimes of the defendant, and provide the defendant with needed training or treatment; the kinds of sentence available, as well as the established guidelines range, as well as any policy statements by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution. 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a).

Although sentence was imposed on this matter more than ten years ago, the defendant has spent only a limited amount of time on supervised release due to a lengthy prison sentence from another jurisdiction. In the short time he has been on supervision, the defendant has demonstrated both that he can comply with supervision and that he is

Government's Disposition Memorandum - 3
*United States v. Foster* / CR10-300 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

prone to using controlled substances, engaging in risky behavior, and affiliating with individuals involved in criminality, and thus is likely to reoffend. The defendant suffers from significant mental health and substance abuse disorders as well.

At his most recent hearing, the parties agreed that the defendant should have an opportunity to show that he can comply with supervision, including by engaging in mental health and substance abuse treatment. While the defendant may have done so, he also made the choice to engage in apparent further drug use and, worse, drive while under the influence of intoxicants. This conduct is all too familiar to the defendant's previous violations: commission of the crime of Vehicular Assault, driving while his license was suspended, using alcohol, and using methamphetamine. The defendant continues to engage in this same conduct despite knowing the consequences to others, and here ran his car into other people's property while driving, causing damage. He is fortunate that the only harm done was to property.

In order to protect the public from further crimes of the defendant and adequately deter the defendant from continuing to engage in such risky behavior, this Court should impose a meaningful sanction. The government respectfully suggests that that is a sanction within the guidelines range.

Additionally, Title 18, United States Code, Section 3583(h) provides that the length of supervised release that may be imposed after revocation is the term of supervised release authorized for the offense (here, three years) less any term of imprisonment imposed as a sanction upon revocation. Given the defendant's ongoing substance abuse issues and lack of compliance, especially in a manner that endangers the public, the government asks this Court to consider imposing a period of two years of supervised release.

/ / /

/ / /

Government's Disposition Memorandum - 4
*United States v. Foster* / CR10-300 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V. CONCLUSION

The government respectfully requests that this Court revoke supervision and impose a period of five months in custody. The Court should then impose 24 months of supervised release with all of the conditions recommended by U.S. Probation.

DATED this 26th day of January, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s/ Erin H. Becker*
ERIN H. BECKER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903
Telephone: (206) 553-7970
Fax: (206) 553-0882
E-mail: Erin.Becker@usdoj.gov

Government's Disposition Memorandum - 5
*United States v. Foster* / CR10-300 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970